IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:17-cv-798

SARAH HICKS,

Plaintiff,

v.

AIMEE RAWLINGS,

Defendant.

---

## COMPLAINT AND JURY DEMAND

---

Plaintiff, through counsel, hereby files her Complaint and Jury Demand and alleges as follows:

### JURISDICTIONAL ALLEGATIONS

1. Plaintiff Sarah Hicks is a citizen of the state of North Carolina.

2. Defendant Aimee Rawlings is a citizen of the state of Colorado.

3. The Plaintiff and the Defendant are citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. This Court therefore has original diversity jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a)(1).

4. The acts and omissions underlying the damages alleged herein occurred in Grand County, Colorado. Venue is proper in the United States District Court for the District of Colorado.

### GENERAL ALLEGATIONS

5. On March 10, 2017, the Plaintiff, Sarah Hicks, and the Defendant, Aimee Rawlings, were skiing at Winter Park Resort in Winter Park, Colorado.

6.  Both Ms. Hicks and Ms. Rawlings were "skiers" within the meaning of the Colorado Ski

    Safety Act. Colo. Rev. Stat. § 33-44-103(8).

7.  Both Ms. Hicks and Ms. Rawlings were descending *Parry Peak*, a blue square, or more

    difficult run.

8.  Ms. Hicks was downhill of Ms. Rawlings, stopped at a safe location on the skier's left hand

    side near the treebank, plainly visible to uphill skiers.

9.  Ms. Rawlings was descending *Parry Peak* from uphill of Ms. Hicks.

10. Barbara Block, the witness, observed Ms. Rawlings attempt to overtake a third party from

    above at a high rate of speed and collide into the third party, spin out of control and then

    collide into Ms. Hicks, with whom Ms. Block was skiing, causing Ms. Hicks to suffer

    injuries, damages and losses as described below.

11. The sole proximate cause of the collision was the negligent manner in which the Defendant

    was skiing.

### FIRST CLAIM FOR RELIEF
### Negligence *Per Se* – C.R.S. § 33-44-109(2)

12. The Defendant had the primary duty, as the uphill and overtaking skier, to avoid colliding

    into the Plaintiff. C.R.S. § 33-44-109(2).

13. Defendant had a duty to maintain control of her speed and course at all times when skiing

    and to maintain a proper lookout so as to be able to avoid other skiers and/or objects. *Id.*

    Defendant, as the uphill and overtaking skier, had the primary duty to avoid skiers below.

    *Id.*

14. The Defendant breached these duties to the Plaintiff by colliding into Plaintiff.

15. The sole cause of the collision was Defendant's breach of her statutory duties of care.

16. Plaintiff was a member of the class the statute was intended to protect and suffered the type of harm the statute was intended to prevent.

17. Plaintiff suffered injuries as set forth below as a direct and proximate result of the Defendant's negligence and negligence *per se*.

**SECOND CLAIM FOR RELIEF**
**Negligence *Per Se* – C.R.S. § 33-44-109(5)**

18. The Defendant had a duty to refrain from acting in a manner which causes injury to other skiers. C.R.S. § 33-44-109(5).

19. The Defendant breached this duty to the Plaintiff by colliding into Plaintiff.

20. The sole cause of the collision was Defendant's breach of her statutory duties of care.

21. Plaintiff was a member of the class the statute was intended to protect and suffered the type of harm the statute was intended to prevent.

22. Plaintiff suffered injuries as set forth below as a direct and proximate result of the Defendant's negligence and negligence *per se*.

**DAMAGES**

23. As a direct and proximate result of the collision, Ms. Hicks sustained a fractured left clavicle, requiring open reduction internal fixation (ORIF) surgery.

24. Plaintiff has incurred and will incur in the future, economic losses, including hospital, and medical expenses, charges for physicians' services and examinations, clinic visits, physical therapy, and other related expenses, and loss of earnings. These damages are all caused by the injuries Ms. Hicks sustained as a direct and proximate result of the Defendant's negligence and negligence *per se*.

25. Ms. Hicks will sustain non-economic damages including disability, physical impairment, and disfigurement as a result of her injuries.

26. Ms. Hicks has and will continue to sustain pain, suffering, mental and emotional distress, and a loss of enjoyment of life.

WHEREFORE, Plaintiff prays for judgment to enter in her favor and against Defendant Aimee Rawlings for economic and non-economic damages in amounts to be determined at trial, interest from the date of the injury, March 10, 2017, costs and expenses of suit, attorneys' fees if appropriate, and such other relief as the Court deems proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Dated: March 30, 2017.

**CHALAT HATTEN & BANKER PC**

*/s/ James H. Chalat*
James H. Chalat, Atty. Reg. 8037
Allison R. Hart, Atty. Reg. 50109
1600 Broadway, Suite 1920
Denver, Colorado 80202
Telephone: 303.861.1042
Fax: 303.861.0506
Email:  jchalat@chalatlaw.com
***Attorneys for Plaintiff***

Plaintiff's Address:

P.O. Box 273
Wrightsville Beach, NC 284